NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50373 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-01221-LAB |
| v. | |
| IRIS LISSETTE DERAS-ELIAS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Iris Lissette Deras-Elias appeals from the district court's judgment and

challenges the 78-month sentence imposed following her guilty-plea convictions

for importation of methamphetamine and cocaine, in violation of 21 U.S.C. §§ 952

and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Deras-Elias contends that the district court erred by relying on conjecture concerning the number of times she smuggled drugs to deny her request for a minor role adjustment under U.S.S.G. § 3B1.2. We review the district court's factual findings for clear error and its determination that Deras-Elias was not a minor participant for abuse of discretion. *See United States v. Gasca-Ruiz,* 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Contrary to Deras-Elias's argument, neither the Confrontation Clause, nor the rules of evidence, are implicated by the court's sentencing findings. *See* Fed. R. Evid. 1101(d)(3) (federal rules of evidence do not apply at sentencing); *United States v. Littlesun*, 444 F.3d 1196, 1199-1200 (9th Cir. 2006) (Confrontation Clause applies to trial testimony, not sentencing). Furthermore, the court did not rely on conjecture or evidence from other cases to conclude that Deras-Elias "must have been involved in many more loads." Rather, the court found that, on at least one of Deras-Elias's 11 border crossings in the month before her arrest, she had transported drugs. This finding was not clearly erroneous, given the government's representation, to which Deras-Elias did not object, that Deras-Elias had admitted during her safety valve debrief to at least one prior drug crossing. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (a finding is clearly erroneous only if it is illogical, implausible, or without support in inferences from the record). In light of this

admission and the totality of the circumstances, the court did not abuse its discretion in denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(C).

**AFFIRMED**.